UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL DEWAYNE VICKERS, 587663, )<br>   Petitioner, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>   Respondent. ) | 3:09-CV-1777-B<br>3:06-CR-0229-B |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's Motion to Vacate, Set-Aside, or Correct Sentence pursuant 28 U.S.C. § 2255 (doc. 66, 3:06-CR-0229-B) (doc. 1, 3:09-CV-1777-B). For the reasons that follow, the Court DENIES the motion.[1]

### I.

### PROCEDURAL BACKGROUND

On January 30, 2007, a jury found Petitioner guilty of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On July 5, 2007, Petitioner was sentenced to 190 months in prison and three years supervised release. On August 12, 2008, the Fifth Circuit Court of Appeals affirmed the conviction and sentence. *United States v. Vickers*, 540 F.3d 356 (5th Cir. 2008). On December 15, 2008, the Supreme Court denied Petitioner's petition for writ of certiorari.

On September 23, 2009, Petitioner filed this § 2255 petition on the following grounds: (1) his conviction is unlawful because it violates the Department of Justice's *Petite* policy against

---

[1] This motion was automatically referred to the Magistrate Judge pursuant to Special Order 3-251. The Court VACATES the automatic referral for purposes of this case.

successive prosecutions for the same criminal acts; (2) Title 18 U.S.C. § 922(g)(1) is unconstitutional; (3) there was an insufficient nexus between the firearm and interstate commerce; (4) the Court improperly applied the Armed Career Criminal Act to his sentence; (5) his conviction violated the Double Jeopardy Clause; and (6) he received ineffective assistance of counsel because counsel failed to argue at trial and on appeal that his prosecution violated the *Petite* policy.

## II.

## DISCUSSION

A.   Procedural Bar

Defendants who collaterally attack their federal convictions may not raise grounds previously raised on direct appeal. *United States v. Rocha*, 109 F.3d 225, 229-30 (5th Cir. 1997). "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).

In this case, Petitioner raised three of his current claims on direct appeal. On direct appeal he argued: (1) there is an insufficient nexus between the firearm and interstate commerce; (2) Title 18 U.S.C. § 922(g) is unconstitutional; and (3) the trial court improperly applied the Armed Career Criminal Act to his sentence. The Fifth Circuit considered each claim on the merits and denied the claims. These claims are therefore procedurally barred from review in this § 2255 petition.

Additionally, where a Petitioner fails to raise on a claim on direct appeal that could have been raised, the claim is procedurally defaulted unless the petitioner shows cause for the procedural default and actual prejudice resulting from the error. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). In this case Petitioner failed to raise his double jeopardy claim on direct

appeal. Petitioner has stated no reason for his failure to raise this claim. His claim is therefore procedurally defaulted.

2. *Petite* Policy

Petitioner argues his conviction violates the Department of Justice's "*Petite* policy." The *Petite* policy is a dual prosecution policy where "federal prosecution following state prosecution for the same act is allowed only where there are compelling reasons, and the prosecuting attorney obtains prior approval from an assistant United States attorney general." *United States v. Patterson*, 809 F.2d 244, 248 (5th Cir. 1987); (citing *Rinaldi v. United States*, 434 U.S. 22, 28 (1977) (per curiam)). Petitioner argues the government failed to comply with this policy. A violation of the *Petite* policy, however, does not bar the prosecution of a defendant or provide a basis for challenging a defendant's conviction or sentence. *Patterson*, 809 F.2d at 248. This claim has no merit and is therefore denied.

3. Ineffective Assistance of Counsel

Petitioner claims he received ineffective assistance of counsel when his counsel failed to argue that his prosecution violated the *Petite* policy. As discussed above, a violation of the *Petite* policy does not bar prosecution, or provide a basis for challenging a conviction or sentence. Petitioner has failed to show his counsel was constitutionally ineffective. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (stating counsel is not required to make frivolous objections, arguments or motions).

### III.

### CONCLUSION

For the foregoing reasons, Petitioner's § 2255 claims are DENIED with prejudice.

IT IS SO ORDERED.

Signed this 12th day of January, 2011.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE